## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. GLENN SCHWARZ,
                Petitioner,

          v.

DEPARTMENT OF THE NAVY,
                Agency.

DOCKET NUMBER
CB-1208-17-0022-U-2

DATE: July 25, 2017

# THIS ORDER IS NONPRECEDENTIAL[1]

Malvina Winston, Washington, D.C., for the petitioner.

Sheryl Golkow, Dallas, Texas, for the petitioner.

Cheri L. Cannon, Esquire, and Smenta K. Chabbra, Esquire, Washington, D.C., for the relator.

Malcolm G. Schaefer, Esquire, Cherry Point, North Carolina, for the agency.

### BEFORE

Mark A. Robbins, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## ORDER

¶1     On June 30, 2017, a 45-day stay of Glenn Schwarz's removal was granted. The stay, issued pursuant to 5 U.S.C. § 1214(b)(1)(A), was ordered to be in effect from June 30 through August 13, 2017. The agency has filed a motion requesting that the Board terminate the stay. For the reasons set forth below, the agency's motion is DENIED. Mr. Schwarz has filed a motion to modify the stay to make it retroactive to June 8, 2017. As set forth below, Mr. Schwarz's request for a modification of the initial stay order is DENIED.

## BACKGROUND

¶2     On June 28, 2017, the Office of Special Counsel (OSC) requested a 45-day initial stay of the agency's June 8, 2017 decision to reinstate Mr. Schwarz's removal for allegedly violating a settlement and abeyance agreement. *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-1, Stay Request File (U-1 SRF), Tab 1. Mr. Schwarz had previously filed a complaint of whistleblower reprisal with OSC on September 10, 2016, which was resolved via a November 22, 2016 settlement agreement. *Id.* at 7. As part of the settlement agreement, the agency agreed to hold Mr. Schwarz's pending removal action in abeyance for a period of 2 years, provided he complied with certain performance and conduct standards. *Id.* On June 8, 2017, the agency reinstated Mr. Schwarz's removal, allegedly for failing to comply with these standards. *Id.*

¶3     In its initial stay request, OSC argued that it had reasonable grounds to believe that the agency reinstated Mr. Schwarz's removal based on reprisal for protected disclosures Mr. Schwarz had made concerning the agency's improper testing of aircraft fueling equipment and improper testing and disposing of jet fuel. *Id.* at 10-15. OSC further asserted that an investigation by the agency's Inspector General substantiated Mr. Schwarz's disclosures. *Id.* at 6. On June 30, 2017, OSC's initial stay request was granted. U-1 SRF, Tab 2.

¶4   On July 5, 2017, the agency filed a motion to terminate the stay, pursuant to 5 U.S.C. § 1214(b)(1)(D), contending that the Board lacks jurisdiction because, as part of the settlement agreement, Mr. Schwarz agreed to waive his right to appeal his removal to the Board. *Special Counsel ex rel. Glenn Schwarz v. Department of the Navy*, MSPB Docket No. CB-1208-17-0022-U-2, Stay Request File (U-2 SRF), Tab 1.[2] OSC and Mr. Schwarz were afforded an opportunity to comment on the agency's motion. U-2 SRF, Tab 2; *see* 5 C.F.R. § 1201.136(d)(1). Both parties responded, and their responses have been considered. U-2 SRF, Tabs 8-9. Mr. Schwarz also has filed a motion requesting that the stay issued on June 30, 2017, be modified and granted retroactive to June 8, 2017. U-2 SRF, Tab 5.

## ANALYSIS

The agency's motion to terminate the stay is denied.

¶5   In support of its motion to terminate the stay, the agency argues that the Board lacks jurisdiction to order a stay because, as part of the settlement agreement, Mr. Schwarz waived his right to appeal his removal to the Board. U-2 SRF, Tab 1 at 10-11. Such an argument is unavailing. A Board member has authority to issue a stay of any personnel action if there are reasonable grounds to believe it was taken, or is to be taken, as a result of a prohibited personnel practice. 5 U.S.C. § 1214(b)(1)(A); *see Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010). A removal is a personnel action under 5 U.S.C. § 2302(a)(2)(A), and therefore is subject to the Board's stay authority. Moreover, a stay proceeding is not a substitute for a hearing on the merits and is thus not the proper forum to address questions regarding the effect of the settlement agreement on the Board's review of the

---

[2] The agency also filed a motion for equitable relief, requesting that the Board stay its June 30, 2017 stay order until it ruled on the agency's motion to terminate the stay. U-2 SRF, Tab 1. That motion, however, is rendered moot by this decision.

merits of the agency's removal action.  *See Special Counsel v. Department of Transportation*, 71 M.S.P.R. 87, 90 (1996); *see also Special Counsel v. Department of Commerce*, 26 M.S.P.R. 280, 281-82 (1985) (interpreting the predecessor provision to 5 U.S.C. § 1214, 5 U.S.C. § 1208).

¶6        To the extent the agency's motion seeks to challenge the merits of OSC's arguments in its initial stay request and sets forth the agency's alleged legitimate reasons for reinstating Mr. Schwarz's removal, such arguments are not proper at this stage.  In considering a motion to terminate an initial stay granted pursuant to 5 U.S.C. § 1214(b)(1)(A), the Board cannot ignore the statutory scheme providing for such a stay.  *Special Counsel v. Department of Transportation*, 59 M.S.P.R. 556, 558 (1993).  Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request that a Board member order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice.  Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate.  5 U.S.C. § 1214(b)(1)(A)(ii).  Unless a Board member acts to deny an initial stay request within 3 calendar days, it is granted by operation of law.  5 U.S.C. § 1214(b)(1)(A)(iii).

¶7        Such provisions afford great deference to OSC, and, thus, an initial stay request can be granted on the basis of relatively little information.  *See Special Counsel v. Department of the Treasury*, 70 M.S.P.R. 578, 579 (1996); *In re Kass*, 2 M.S.P.R. 79, 85-91 (1980) (interpreting the predecessor provision to 5 U.S.C. § 1214, 5 U.S.C. § 1208).  Further, by mandating that a Board member decide the stay request within 3 calendar days, the statute does not provide an opportunity for agency comment on an initial stay request.  *See Special Counsel v. Department of Commerce*, 26 M.S.P.R. at 282 (stating that the purpose of a stay is only to maintain the status quo for a finite period and that, consistent with that purpose, Congress gave the agency no right to respond to OSC's initial stay

request).  *Compare* 5 U.S.C. § 1214(b)(1)(A)(iii), *with* 5 U.S.C. § 1214(b)(1)(C) (providing for agency comment on a stay extension request).  Thus, the Board has held that a motion to terminate should not be used as a means to circumvent this statutory limitation on the agency's right to comment.  *See, e.g.*, *Special Counsel v. Department of Transportation*, 71 M.S.P.R. at 90.

¶8 Accordingly, the agency's motion to terminate the stay is denied.

Mr. Schwarz's motion to modify the initial stay order is denied.

¶9 On June 30, 2017, OSC's request for a stay of Mr. Schwarz's June 8, 2017 removal was granted.  U-1 SRF, Tab 2.  The Board order provided that the stay would be in effect from June 30, 2017, through and including August 13, 2017.  *Id.* at 5.  It further ordered that, during the pendency of the stay, the agency was required to return Mr. Schwarz to the position he held prior to the notice of reinstatement of his removal.  *Id.*

¶10 On July 11, 2017, Mr. Schwarz filed a motion requesting that the Board modify the order to grant the initial stay retroactive to June 8, 2017, the date of his removal, instead of June 30, 2017, the date of the initial stay order, to avoid a 22-day gap in his service.  U-2 SRF, Tab 5.  The Board has the authority to stay an action after its effective date.  *See* 5 U.S.C. § 1214(b)(1)(A)(i); *Special Counsel v. Department of Transportation*, 70 M.S.P.R. 520, 522 (1996).  However, such authority is contingent upon OSC's filing of a petition establishing that it has determined there are reasonable grounds to believe the personnel action was taken as a result of a prohibited personnel practice.  *See* 5 U.S.C. § 1214(b)(1)(A).  When there is a lapse in time between the effective date of the personnel action and OSC's initial stay request, the Board generally does not grant a stay retroactive to the effective date of the personnel action.  *See, e.g.*, *Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 621, 624-25 (1997) (granting an initial stay from August 28 through October 12, 1997, over 3 years after the effective date of the termination action on March 29, 1994).

¶11     Mr. Schwarz argues that the stay order should reinstate him as of the date he was removed to ensure that he is afforded proper relief.  U-2 SRF, Tab 5 at 6. However, the purpose of a stay is to maintain the status quo ante and minimize the consequences of an alleged prohibited personnel practice while OSC investigates and potentially resolves the disputed matter with the employing agency.  *See, e.g.*, *Special Counsel ex rel. Andersen v. Department of Justice*, 78 M.S.P.R. 675, ¶ 4 (1998); *Special Counsel ex rel. Shaw v. Social Security Administration*, 76 M.S.P.R. 211, 214 (1997).  As discussed, a stay proceeding is not a substitute for a hearing on the merits, and the stay itself is not a final decision on the merits of the evidence.  *See Special Counsel v. Department of Transportation*, 71 M.S.P.R. at 90; *Special Counsel v. Department of Commerce*, 26 M.S.P.R. at 282.  However, if Mr. Schwarz were to prevail on his claims in a proceeding on the merits, he would be entitled to all appropriate remedies, including reinstatement and back pay.  *See* 5 U.S.C. § 5596; *Chambers v. Department of the Interior*, 116 M.S.P.R. 17 (2011) (granting the appellant's request for corrective action in an individual right of action appeal and ordering the agency to cancel the appellant's removal and reinstate her with back pay).

¶12     Accordingly, Mr. Schwarz's motion to modify the initial stay order is denied.


FOR THE BOARD:              _____
                            Jennifer Everling
                            Acting Clerk of the Board

Washington, D.C.